IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ORVILLE FOUTCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-3269 |
| | ) | |
| NEDRA CHANDLER, Warden, | ) | |
| Dixon Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Orville Foutch's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) (Petition). In April 2004, Foutch was convicted following a jury trial in the Circuit Court of Adams County, Illinois, of robbery. He was sentenced in July 2004, to twenty years imprisonment.[1] Foutch asks the Court to set aside his conviction, asserting that he was

---

[1] At the time Foutch filed the pending Petition, he was incarcerated at Graham Correctional Facility. He was subsequently transferred to Dixon Correctional Facility, where Nedra Chandler is the warden. Therefore, Nedra Chandler is hereby substituted for Andrew Ott as Respondent pursuant to Rule 2(a) of the Rules Governing § 2254 Cases.

1

denied his Constitutional right to self-representation at trial. For the reasons set forth below, the Petition is denied.

BACKGROUND

On November 19, 2003, Foutch was charged in a two-count Information with robbery of a Walgreens Drug Store (Count 1) and theft from the person of the Walgreens' cashier (Count 2). <u>Answer (d/e 6)</u>, Ex. A. On January 2, 2004, Foutch entered into a negotiated plea, under which Foutch would plead guilty to Count 2, with a sentenced capped at seven years imprisonment. Under the agreement, the State would dismiss Count 1. However, at the sentencing hearing on February 20, 2004, the state court judge rejected the negotiated plea, noting that Foutch had "one of the worst, if not the worst, felony record of a 31-year-old" that the Court had seen. <u>Answer</u>, Ex. C, <u>Transcript of Proceedings held February 20, 2004</u>, p. 6. The Court explained that Foutch could persist in his plea, without the seven year negotiated sentencing cap, or he could withdraw his guilty plea. The Court informed Foutch that if he withdrew his plea, the case would be assigned to a different judge for further proceedings.

Foutch, who was represented by the Adams County Public Defender, asked the Court to continue the matter to allow him to retain counsel. The

judge informed Foutch that defense counsel had "more than adequately represented [him]." Answer, Ex. C, Transcript of Proceedings held February 20, 2004, p. 8. The Court further informed Foutch that, given the age of the case, he would not allow an extended continuance. The Court continued the matter until February 24, 2004, and again informed Foutch that defense counsel had "done an exceptional job." Id., p. 10. Foutch complained to the Court that none of his witnesses had been called and none of his alibis had been verified. The Court responded by pointing out that Foutch had given a statement confessing to the crime and advising Foutch to consult with defense counsel regarding his options.

At a hearing on February 24, 2004, the Court informed Foutch that, if he persisted in his plea of guilty, the most he could receive would be ten years in the Department of Corrections, but if he was convicted following a trial, he could be sentenced to up to thirty years in prison. Foutch, nevertheless, withdrew his guilty plea. Answer, Ex. D, Transcript of Proceedings held February 24, 2004, p. 4. Foutch informed the Court that he believed a "conflict of interest" existed between himself and his attorney and that he did not think that he had been represented properly. Id., p. 3-4. The Court asked defense counsel whether a conflict existed that would

3

prevent him from continuing to represent Foutch. Defense counsel replied that Foutch "believes he wants a new attorney." Id., p. 5. The judge asked Foutch whether he was in a position to retain an attorney. Foutch replied as follows: "Currently I am not, sir, but, I mean, if I have to represent myself on the case, it seems as though I would have a better opportunity, a better chance at fighting the case. I haven't even been seen by anybody, nothing." Id., p. 5-6.

> The following exchange then occurred:
>
> THE COURT: The only thing that would be more foolish than what you are doing today would be to represent yourself. That would be more foolish, but what you are doing today is foolish, and I want you to understand, is a foolish move on your part, but that's your right. You have a right to do that. I'm out of the case and I can say what I think, but I think what you have done is a terrible mistake on your part. You have made the choice, and it's an informed decision, and you have had several days to think about it. If that's what you want, you can do that.
>
> THE DEFENDANT: Are you thinking I should cop out to something I didn't do?
>
> THE COURT: I am not saying any such thing, Mr. Foutch. I'm saying that the evidence against you is rather substantial, first of all; and second of all, more importantly, if you represent yourself, you will have a fool for a client. You have heard that old saying. Well, that's the truth. But I can't tell you what to do. If that's what you want, you file a handwritten motion, give it to the Sheriff's Department, and ask them to file it with the Clerk of the Court and bring the case back before the new judge,

4

so some new judge with a fresh view of the case will decide whether or not you should get a new attorney. But you should do that right away, and if the motion is granted, that's what will happen. . . .

Id., p. 6-7. Foutch continued to insist that he had not received proper representation. Id., p. 8. The Court stated as follows: "What I am telling you, sir, and you are too foolish to understand, is you have gotten excellent representation. So good is the representation that you've gotten that he got a plea to the case to get you out of the thing for 7 years, which I will not agree to it. It was so good -- it is so good that the court won't accept it." Id. The Court concluded by stating "We've had the discussion. You write out your motion asking for the different attorney and that will be brought before the judge. I'm through having any discussion on the thing." Id. The matter was placed on the April 2004, jury docket.

Foutch filed a pro se Motion to Dismiss Counsel on April 1, 2004. Answer, Ex. E. Foutch asserted that defense counsel had pressured and threatened him to take a plea, stating that if Foutch did not accept an offer, he would "surely receive the maximum penalty allowed by law." Id. Foutch also reported that defense counsel had not asked him about his guilt or innocence and had openly expressed displeasure in Foutch having counsel

5

removed from another of his pending cases.

The motion was called for hearing on April 7, 2004, before the judge who was newly-assigned to the case. Answer, Ex. F, Transcript of Proceedings held April 7, 2004. The Court gave Foutch the opportunity to add to his written motion, and Foutch declined. Defense counsel responded to the motion as follows:

> . . . Mr. Foutch has indicated that he's been pressured to take a plea negotiation. He, in fact, did take a plea negotiation, a cap of seven years, that plea negotiation was, in fact, refused or not acceptable to Judge Cashman. . . . Mr. Foutch has asked me my evaluation of the case, and I have indicated my evaluation of the case, which I won't tell the Court, but as a result of that, he did not obviously like, and which is not a requirement, but I am ready to go forward with a jury trial if that is what he wants. I mean it is next week. I have no problem representing him in that jury trial.

Id., p. 3-4. The prosecutor stated an opinion that defense counsel had been very diligent in all of the efforts he made on Foutch's behalf. The Court informed Foutch that defense counsel would stay on his case and recommended that Foutch cooperate with him. Id., p. 7-8. The Court informed Foutch that he would not be allowed to select his own attorney unless he went out and hired someone. The Court concluded its ruling as follows: ". . . you are not going to get a new attorney. This case is not going

6

to be delayed. There is no basis here and your explanations and reasons unfortunately are not valid." Id., p. 9.

> The following exchange then occurred:
>
> THE DEFENDANT: I mean if that is the way that the Court feels, Your Honor, I would choose to represent myself in this trial.
>
> THE COURT: You're going ahead with Mr. Downey, Mr. Foutch.
>
> THE DEFENDANT: He told me that he don't care what I get.
>
> THE COURT: I don't believe that, Mr. Foutch, and --
>
> THE DEFENDANT: I have got witnesses for it --
>
> THE COURT: You can say what you like, Mr. Foutch.
>
> THE DEFENDANT: (Continuing) -- in jail.
>
> THE COURT: I would again encourage you to give him all of your level of cooperation. In terms of representing yourself, I don't think you have a clue of how to subpoena witnesses, how to cross-examine, how to do jury instructions. So, it is a little too late to make these decisions. So, I would seriously suggest that you reconsider that attitude, okay. No new lawyer.

Id., p. 9-10.

The matter proceeded to jury trial. Foutch was convicted of robbery. In July 2004, Foutch was sentenced to twenty years imprisonment. Foutch appealed, arguing among other things, that he was denied his Constitutional

right to self-representation. <u>Answer</u>, Ex. G. The Appellate Court affirmed Foutch's conviction and sentence. In doing so, the Court rejected Foutch's self-representation argument by a two to one vote. The majority recognized that a defendant has a Sixth Amendment right to self representation in a criminal trial. <u>Id</u>., p. 6. The majority noted, however, that, in order for a defendant to invoke that right, "he must knowingly and intelligently relinquish the right to counsel, and the waiver of counsel must be clear and unequivocal, not ambiguous. A defendant does not exercise his right of self-representation unless he articulately and unmistakably demands to proceed <u>pro</u> <u>se</u>." <u>Id</u>., p. 6-7 (internal quotations and citations omitted).

The majority then analyzed the facts of Foutch's case under this standard. The majority acknowledged Foutch's statement that "' . . . if that is the way that the court feels, Your Honor, I would choose to represent myself in trial.'" <u>Answer</u>, Ex. G, p. 7. The majority, however, noted that the statement must be viewed not in isolation, but in context. The majority noted that, at the hearing on February 24, 2004, after Foutch mentioned proceeding <u>pro</u> <u>se</u>, the judge told Foutch to file a written motion. The written motion that was subsequently filed sought to dismiss counsel, not to proceed <u>pro</u> <u>se</u>. The majority concluded that the record suggested Foutch

8

"was merely frustrated with the court's refusal to grant him a new attorney" and did not sufficiently invoke his right to self-representation. Id., p. 9.

Justice Myerscough dissented on the self-representation issue. Answer, Ex. G, p. 14. She deemed it obvious from the record that Foutch wished to represent himself. She characterized his statement as unequivocal and noted that the record was devoid of evidence that the trial court determined that Foutch's waiver was not knowing, intelligent, and voluntary or that the court even so inquired.

Foutch filed a Petition for Leave to Appeal (PLA) with the Illinois Supreme Court, asserting that he was denied his constitutional right to self-representation when the trial court refused his unequivocal request to dismiss his counsel and represent himself. Answer, Ex. K. The Illinois Supreme Court denied the PLA. Answer, Ex. L. Foutch then filed the instant Petition.

## ANALYSIS

Foutch raises one ground for habeas relief in his Petition, asserting that he was denied his Constitutional right to self-representation at trial. Foutch preserved this claim by raising it on direct appeal and in his PLA, thus giving the Illinois courts a full and fair opportunity to address the

claim through a complete round of Illinois appellate procedures.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).  This Court may issue a writ of habeas corpus to a state official only if the state court decision denying Foutch's claim was: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  If the state court identified the correct rule of law, then this Court will deny the habeas petition unless the state court's application of the law was not minimally consistent with the facts and circumstances of the case.  <u>Sweeney v. Parke</u>, 113 F.3d 716, 718 (7th Cir. 1997).

It is well-established that a criminal defendant has a constitutional right to self-representation.  <u>Faretta v. California</u>, 422 U.S. 806 (1975).  However, "[a] defendant's assertion of his right to self-representation must be made 'clearly and unequivocally.'"  <u>Duncan v. Schwartz</u>, 2009 WL 2251400, at *6 (7th Cir. July 29, 2009) (<u>quoting</u> <u>Faretta</u>, 422 U.S. at 835).  Thus, the Illinois Appellate Court applied the correct legal standard to Foutch's claim.  <u>See</u> <u>Answer</u>, Ex. G, p. 6-7.

Moreover, the Illinois Appellate Court's application of law to the facts

was reasonable. The Illinois Appellate Court, considering the record as a whole, determined that Foutch's request for self-representation was equivocal. The record reveals that, at the February 24, 2004, hearing, Foutch expressed a desire for a new attorney, citing a conflict of interest with his public defender. Foutch stated: "if I have to represent myself on the case, it seems as though I would have a better opportunity, a better chance at fighting the case." <u>Answer</u>, Ex. D, p. 5-6. The Court informed Foutch of the dangers of self-representation and instructed him to file a written motion for consideration by the next judge assigned to the case. Foutch subsequently filed a written motion asking the Court to dismiss the public defender. <u>Answer</u>, Ex. E. The motion did not mention self-representation. A hearing was held on the Motion to Dismiss Counsel on Wednesday, April 7, 2004. The Court initially gave Foutch the opportunity to say anything further with respect to his written motion. Foutch declined to do so. <u>Answer</u>, Ex. F, p. 3. After exploring any possible conflict of interest with defense counsel, the Court ruled that defense counsel would remain on the case. It was not until the Court informed Foutch that he would not receive a new attorney and that his trial, which was set for the following Monday, would not be continued, that Foutch mentioned self-

representation. Additionally, nothing in the record indicates that Foutch requested self-representation at any point after the April 7, 2004, hearing, despite the fact that the trial was held before yet another judge. All of these facts support a finding that, after the court informed Foutch that new counsel would not be appointed, Foutch suggested self-representation as an alternative to representation by the public defender out of frustration with the Court's ruling. See Bennett v. Duckworth, 909 F.Supp. 1169, 1175 (N.D. Ind. Nov. 29, 1995), aff'd, 1996 WL 681393 (7th Cir. Nov. 20, 1996).

Thus, the conclusion that Foutch never made an unequivocal demand to represent himself was not unreasonable. As the Seventh Circuit has recognized, Faretta does not require a court to conduct "a more searching inquiry whenever a defendant makes ambiguous, equivocal statements that could potentially be construed as indicating a desire for self-representation." Duncan, 2009 WL 2251400, at *6. Rather, Faretta "requires a court to assess whether a defendant has knowingly and voluntarily waived counsel when that waiver has been made clearly and unequivocally." Id. (internal quotations and citations omitted). Because the Illinois Appellate Court reasonably found that Foutch did not assert an unequivocal request for self-

12

representation, no further inquiry was necessary. Thus, Foutch is not entitled to habeas relief, and the Petition must be denied.

## CONCLUSION

THEREFORE, as set forth above, Nedra Chandler is hereby substituted for Andrew Ott as Respondent. Petitioner Orville Foutch's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  October 5, 2009

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE